# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50279
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2019

Lyle W. Cayce
Clerk

THOMAS GEORGE WICKER, JR.,

Plaintiff-Third Party Defendant - Appellant

v.

SETERUS, INCORPORATED,

Defendant-Third Party Plaintiff – Appellee

v.

ROCIO P. WICKER,

Third Party Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CV-99

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Thomas Wicker ("Wicker") appeals from the district court's grant of Seterus' motion for summary judgment, dismissing of all of Wicker's claims with prejudice. The district court relied on the doctrine of res judicata in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissing Wicker's claims.[1] On appeal, Wicker failed to challenge the district court's order on those grounds, either in the opening brief or the reply brief, and thus has abandoned them. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

Wicker also appeals the district court's granting of summary judgment as to Seterus' counterclaim for breach of contract. Wicker admits to breach of the contract in his own pleadings. The only possible factual dispute raised by Wicker is Seterus' alleged violation of Wicker's right to reinstate by failing to calculate the reinstatement figure or the remaining payments. However, Seterus was not contractually obligated to fulfill either of these requests. Additionally, Seterus went beyond its contractual obligation by supplying Wicker with the reinstatement amount (although it did not supply, nor was it required to supply, the monthly payment amount). There is no genuine dispute as to any material fact regarding Wicker's failure to comply with the contract. FED. R. CIV. P. 56(a).

Therefore, the order of the district court is AFFIRMED.

---

[1] This case is the fourth case that Wicker has filed arising from the attempted foreclosure of the Calle Bonita Property and relating to this same loan agreement. *Wicker v. Seterus, Inc.*, No. EP-17-CV-99-DB, 2018 WL 4856771, at *1 (W.D. Tex. Oct. 4, 2018).